COWAN, McCLUNG & CO. *v.* SLOAN.

(*Knoxville.*    October 15, 1895.)

1. EXECUTION.   *Nonreturn not excused, when.*

The nonreturn of an execution cannot be excused on account of the officer's mistake or ignorance of law; *e. g.*, that he, by mistake, construed the statute requiring the return to be made within thirty days to mean within a calendar month. (*Post, pp. 426, 427, 430, 431.*)

Code construed: § 4868 (M. & V.); § 4093 (T. & S.).

Cases cited: Kinzer *v.* Helm, 7 Heis., 672; Neill *v.* Beaumont, 3 Head, 556; Kennedy *v.* Smith, 7 Yer., 472; Robinson *v.* Harrison, 7 Hum., 189; Roger *v.* Donnell, 1 Head, 377–8; Wingfield *v.* Crosby, 5 Cold., 241; Smith *v.* Gilmore, 3 Sneed, 481; Chaffin *v.* Stuart, 1 Bax., 296; Webb *v.* Armstrong, 5 Hum., 379; Fowler *v.* McDaniel, 6 Heis., 530; Doyle *v.* Glenn, 4 Hum., 309; Barnes *v.* White, 2 Swan, 442; Chaffin *v.* Crutcher, 2 Sneed, 360; Young *v.* Donaldson, 2 Heis., 56; Clingman *v.* Barrett, 6 Hum., 20; Bershears *v.* Warner, 5 Sneed, 676; Cannon *v.* Wood, 2 Sneed, 177; Perdue *v.* Dodd, 1 Lea, 710; Phillips *v.* Terrell, 10 Heis., 417.

2. SAME.   *Sufficiency of return determined from its face.*

The sufficiency or insufficiency of the return of an execution must be determined from what appears on the face of the return itself, and cannot be aided or avoided by extrinsic evidence.   (*Post, p. 429.*)

Cases cited and approved: Fussell *v.* Greenfield, 1 Sneed, 437; Hill *v.* Hinton, 2 Head, 124; Bank *v.* Barnes, 10 Hum., 244.

3. SAME.   *What constitutes a sufficient return.*

A sufficient return of an execution is one that shows on its face that the officer has done what the law and the writ required, or shows a good and lawful reason for his failure, and it must be full and complete in itself.   (*Post, p. 430.*)

Cases cited and approved: Raines *v.* Childress, 2 Hum., 449; McCrory *v.* Chaffin, 1 Swan, 308; Eaken *v.* Boyd, 5 Sneed, 204; Bank *v.* Barnes, 10 Hum., 245.

4. SAME. *Example of insufficient return.*

An officer's return of an execution is insufficient which shows on its face that he held the writ for sixteen days before making the levy, and discloses no reason for the delay. And the extrinsic fact, if admitted, that the officer delayed on promises of the debtor to pay, or because of his sickness and distress of the family, will not excuse his default. (*Post, pp. 426, 427, 431.*)

Case cited and approved: Eakin *v.* Boyd, 5 Sneed, 205.

5. SAME. *Same.*

An officer's return of an execution is insufficient which shows on its face that the levy was made ten days before its return day, but discloses no reason for the failure to advertise and sell the property levied on. (*Post, p. 431.*)

6. SAME. *Defenses that are not available.*

An officer cannot excuse himself for the nonreturn of an execution by showing that the debtor claimed defenses against the judgment. And such fact, not appearing on the face of the return, is irrelevant as regards the officer's liability for an insufficient return. (*Post, pp. 431, 432.*)

Cases cited and approved: Webb *v.* Armstrong, 5 Hum., 379; Cannon *v.* Wood, 2 Sneed, 177; Perdue *v.* Dodd, 1 Lea, 710.

---

FROM MONROE.

---

Appeal in error from Circuit Court of Monroe County. JAS. G. PARKS, Judge.

GREEN & SHIELDS for Cowan, McClung & Co.

McCROSKEY & McCROSKEY for Sloan.

WILKES, J. There are three separate and distinct causes pending in this Court under this style

and embracing substantially the same facts and identically the same questions, so far as the present action is concerned, and they are, therefore, heard together. The trial Judge gave judgment against the plaintiffs, and they have appealed and assigned errors.

It appears that on the sixteenth day of April, 1894, plaintiffs recovered three separate judgments, before a Justice of the Peace of Monroe County, against J. R. Latimore—one for $960.17, one for $547.27, and the other for $506.57. Executions purport to have been stayed on each by S. C. Latimore, a brother of the principal defendant. Two of the judgments, it seems, were entered upon the Justice's docket as against J. R. Latimore and —— Howard, and the other against J. R. Latimore alone. On January 26, 1895, executions issued on all three of these judgments, and came to the hands of the defendant, Sloan, as Sheriff, on January 30, 1895. It appears from the parol proof that the executions were issued on the suggestion of the Sheriff to the plaintiff that the principal defendant was "in a hole" and to "be on your watch." Accordingly, when the executions were sent to the Sheriff, it was with instructions from the plaintiff's attorneys to make the money at once, and again, on February 7, the attorneys wrote the Sheriff urging him again to make the money at once. The Sheriff went to see the defendant immediately on receipt of the executions, and at that time the defendant had ample personal

property to satisfy the executions. The defendant, however, made promises to the Sheriff that he would get up the money without delay, and the Sheriff, in consequence of these promises, made no levy.

On February 11 the Sheriff went the second time to the home of J. R. Latimore, the principal, where he found him very ill and incapacitated to attend to any business, and, owing to the condition of the defendant and the distress of the family, he made no levy. The defendant, J. R. Latimore, died on February 13, and, on February 15, the day after the burial, the Sheriff made levies on a stock of general merchandise, horses, cattle, and other personal property of the deceased, and also on personal property of S. C. Latimore, the stayor, sufficient to satisfy the executions.

On February 26, 1895, the executions were returned to the Justice of the Peace with the following indorsements on each: "Said property has been advertised, beginning on March 6, 1895. It not being sale day, I return this execution to office not satisfied, for an *alias* execution. Levy made February 15 and execution returned to office for an *alias* February 26, 1895." *Alias* executions were thereupon taken out by the Sheriff.

On March 4, 1895, C. T. Latimore, administrator of J. R. Latimore, deceased, and S. C. Latimore filed separate injunction bills in the Chancery Court of Monroe County, enjoining the Sheriff from proceeding under the executions, the first named bill

being a bill also to wind up the estate of J. R. Latimore as insolvent. And, on May —, .1895, the plaintiffs moved against the Sheriff and his sureties on his official bond (1) for failing to return the executions within thirty days from the date when issued, and (2) for an insufficient return. As before stated, the trial Judge refused any relief, and plaintiffs have appealed.

The proof taken in the case, as well as the argument on the hearing, have taken a wide range, not warranted by the matters presented for adjudication.

There are several defenses proper in cases where motions are made for nonreturn of an execution, and the Sheriff is not liable in such cases, for instance: When his term of office expires before return day. *Kinzer* v. *Helm*, 7 Heis., 672; *Neill* v. *Beaumont*, 3 Head, 556. When the nonreturn is caused by the instructions or intermeddling of the plaintiff. *Kennedy* v. *Smith*, 7 Yer., 472; *Robinson* v. *Harrison*, 7 Hum., 189; *Roger* v. *Donnell*, 1 Head, 377–8. When the motion is barred by the statute of limitations. *Wingfield* v. *Crosby*, 5 Cold., 241. But the Sheriff is held to a strict compliance with the statute, and cannot defend against a motion for nonreturn, no matter how shortly before return day he receives the execution. *Smith* v. *Gilmore et als.*, 3 Sneed, 481; *Chaffin* v. *Stuart* 1 Bax., 296. And, even if he accept an execution against himself, he must make due return. *Kinzer*

v. *Helm*, 7 Heis., 672. It is no defense to such motion that the defendant is insolvent, and that the plaintiff could not, therefore, have been injured by the nonreturn. *Webb* v. *Armstrong*, 5 Hum., 379; *Fowler* v. *McDaniel*, 6 Heis., 530; *Chaffin* v. *Stuart*, 1 Bax., 296. And if the plaintiff cause an *alias* to issue, it is no waiver of his right to motion for a nonreturn. *Doyle* v. *Glenn*, 4 Hum., 309; *Barnes* v. *White*, 2 Swan, 442; *Chaffin* v. *Stuart*, 1 Bax., 296. And a tender by the officer of the amount of the execution, after notice of motion, is no defense. *Chaffin* v. *Crutcher*, 2 Sneed, 360; *Young* v. *Donaldson*, 2 Heis., 56. And an agreement to postpone sale after levy is no excuse, nor that the officer is the general agent of plaintiff to collect the debt. *Chingman* v. *Barrett*, 6 Hum., 20. Nor that the plaintiff authorized the officer to return the execution to be renewed. *Bershears* v. *Warner*, 5 Sneed, 676. Nor that the process was erroneous or voidable. *Webb* v. *Armstrong*, 5 Hum., 332. Nor that the judgment on which the execution issued was voidable or void. *Cannon* v. *Wood*, 2 Sneed, 177; *Perdue* v. *Dodd*, 1 Lea, 710. Or that defendant had filed a petition in bankruptcy before judgment rendered or execution issued. *Phillips* v. *Terrell*, 10 Heis., 416.

In regard to an insufficient return, it is held that the insufficiency must appear from the face of the return, and cannot be aided or avoided by extrinsic evidence. *Fussell* v. *Greenfield*, 1 Sneed, 437, 443;

*Hill* v. *Hinton,* 2 Head, 124, 127; *Union Bank*
v. *Barnes,* 10 Hum., 244–5. A sufficient return
is one that shows that the Sheriff has done what
the law required, or a good reason for his failure,
and it must be full and complete in itself. *Raines*
v. *Childress,* 2 Hum., 449; *McCrory* v. *Chaffin,* 1
Swan, 308; *Eakin* v. *Boyd,* 5 Sneed, 204; *Union
Bank* v. *Barnes,* 10 Hum., 245. Accordingly, it
has been held that a return, "came to hand the
day issued and nothing made, for lack of time,"
is an insufficient return, although less than ten days
elapsed between the day the writ issued and the re-
turn day, for in such a case the Sheriff should have
levied before and sold after return day. *McCrary*
v. *Chaffin,* 1 Swan, 308; *Eakin* v. *Boyd,* 5 Sneed,
206. And so, when the writ issued a month be-
fore return day, and the Sheriff did not levy until
within six days of the return day, and then made
return, "for want of time to advertise and sell,"
without giving any excuse for not levying on any
of the property of either of the five defendants at
an earlier day, was held insufficient. *Eakin* v. *Boyd,*
5 Sneed, 204.

In the case at bar, it is evident and conceded
that the executions were not returned within thirty
days after their issuance, as is required in cases of
executions from judgments of Justices of the Peace,
but one day too late. Code (M. & V.), § 4868,
Subsec. 29. And it only remains to consider the
reasons, or excuses, given for such nonreturn. The

first excuse given is that the Sheriff construed the law to be that thirty days and a calendar month were the same, and so intended by the General Assembly. This constitutes no legal excuse. Ignorance or mistake of law excuses no one, is an old maxim of the law.

In regard to the sufficiency of the levy. No explanation is given of the failure to make a levy sooner after the execution came to the Sheriff's hands. If we could look at the extrinsic evidence, it appears that the Sheriff had the opportunity to levy, was urged to do so, but delayed, at first on promises to pay, and again because of the sickness of the defendant and the distress of his family. Under the authorities, this is an insufficient return. *Eaken* v. *Boyd*, 5 Sneed, 205; Caruthers' History of a Lawsuit, 438.

Looking alone to the face of the return, it appears that there were ten days before the return day, after the levy, in which to advertise and sell, and no explanation is given in the return of the postponement of this sale.

It is set up as a defense to both grounds that S. C. Latimore, the stayor, claimed to have defenses against the executions—in fact, that he was not stayor, and that there were defects and variances in the judgments and executions, but nothing of all this appears in the return, nor would it be a defense for the failure to make proper return. *Webb*

v. *Armstrong*, 5 Hum., 379.; *Cannon* v. *Wood*, 2 Sneed, 177; *Perdue* v. *Dodd*, 1 Lea, 710.

The filing of the injunction bills by the principal debtor and by the stayor is also set up as a defense, but neither of these bills had been filed before the return day and before the insufficient return was made, if they could, in any event, be matters of defense.

It is said, finally, that this is a hard case upon the Sheriff and his sureties, to hold them for a delay of one day in making return, and for a return, if insufficient, still made in good faith. It would hardly be contended that, if the Sheriff had returned the full and exact facts in regard to these executions, that he could escape liability. If, for instance, he had made return that he received the executions in ample time to levy and sell; that the defendants had ample property to satisfy the executions; that he had full opportunity, on two occasions, to seize the property under his executions, but forbore to do so—once because of promise of the principal defendant, and once because of the distress it would cause his family; that he afterwards levied upon personal property belonging to a dead man's estate when it was not subject to levy for an execution of a Justice of the Peace, and that, as a consequence, the plaintiffs have been unable to make their debts, or have been unduly delayed, that this would constitute a good defense to him would not be held for a moment.

Cowan, McClung & Co. *v.* Sloan.

We are of opinion that there is error in each of the cases in the judgment of the Court below, and the judgments are reversed, and judgments will be entered here against the Sheriff and his sureties, according to the provisions of §§ 4338, 4327 of the Code (M. & V.), together with all costs of the causes.