## GIBSON MCCOY *v.* LIPPNER AUTO CO.*

### (*Knoxville.* September Term, 1924.)

1. **APPEAL AND ERROR.** Chancellor's finding, supported by material evidence, not disturbed.

Finding of chancellor sitting as a jury, supported by material evidence, is not reviewable on appeal. (*Post, p.* 483.)

2. **EXECUTION.** ''In bankruptcy'' held sufficient return by officer on execution.

Words "In bankruptcy," having a well-recognized meaning and clearly conveying information that all property of execution debtor has been impounded as result of institution of bankruptcy proceedings, constitute an adequate return by an officer on an execution; filing of petition in bankruptcy being a *caveat* to all the world. (*Post, pp.* 483, 484.)

Cases cited and approved: Bank v. Sherman, 101 U. S., 403; Acme Harvester Co. v. Beekman Lumber Co., 222 U. S., 300.

3. **EXECUTION.** Whether specified words constitute adequate officer's return on execution involves alone sufficiency thereof on its face.

Whether words "In bankruptcy" is an adequate return by an officer on an execution involves alone the sufficiency of the return on its face, and not the question of the officer's diligence in performance of his duty otherwise thereunder. (*Post, p.* 484.)

Cases cited and approved: Raines v. Childress, 21 Tenn., 449; Cowan v. Sloan, 95 Tenn., 424; Wingfield v. Crosby, 45 Tenn., 241-248; State v. McDonald, 28 Tenn., 607; Hill v. Hinton, 39 Tenn., 125; Hutton v. Campbell, 78 Tenn., 170; Eaken v. Boyd, 37 Tenn., 204.

---

*Headnotes 1. Appeal and Error, 4 C. J., section 2869; 2. Executions, 23 C. J., section 869 (1926 Anno); 3. Executions, 23 C. J., section 869 (1926 Anno); 4. Bankruptcy, 7 C. J., section 131.

FROM KNOX.

Appeal from the Chancery Court of Knox County.—
HON. CHAS. HAYS BROWN, Chancellor.

DONALDSON & MONTGOMERY, for appellant.

JOHNSON & COX, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the
Court.

This is an appeal from a decree affirmed by the court
of civil appeals, holding the works "In bankruptcy" a
sufficient return made by an officer on an execution.

The motion as first made was upon the ground that
no return had been made of the execution. Upon it ap-
pearing that a return had been made, the motion was
then amended so as to question the sufficiency of the
return in the words above quoted. Upon the hearing of
the motion the fact of a return having been made was
put in issue, but the chancellor, sitting as a jury, found
that the return was in fact made, and, there being ma-
terial evidence to support his finding, this question is
not open for consideration here.

It is earnestly insisted that the indorsement of the
words "In bankruptcy" is not a sufficient return. Con-
curring with the chancellor and the court of civil ap-
peals, we are of opinion that these words, having a well-
recognized meaning and clearly conveying the informa-
tion that all of the property of the execution debtor has

been impounded as a result of the institution of bankruptcy proceedings, constitute an adequate return. It is well settled that the filing of a petition in bankruptcy is a *caveat* to all the world, in effect an attachment and injunction. *Bank* v. *Sherman,* 101 U. S., 403, 25 L. Ed., 866; *Acme Harvester Co.* v. *Beekman Lumber Co.,* 222 U. S., 300, 32 S. Ct., 96, 56 L. Ed., 208. This language is equivalent to an indorsement upon the execution that the defendant has no property subject to execution.

It is suggested that in the instant case the defendant at the time of the issuance of this execution, pending the bankruptcy proceedings against him, had acquired title to property which he did not own at the time of the filing of the petition in bankruptcy, and the title to which was therefore subject to execution. This is not a question pertinent to the issue now before us, which involves alone the sufficiency of the return upon its face, and not the question of lack of diligence on the part of the officer in the performance of his duty otherwise under the return. The following Tennessee cases are pertinent in this connection: *Raines* v. *Childress,* 2 Humph., 449; *Cowan* v. *Sloan,* 95 Tenn., 424, 430, 32 S. W., 388; *Wingfield* v. *Crosby,* 5 Cold., 241-248; *State* v. *McDonald,* 9 Humph., 607; *Hill* v. *Hinton,* 2 Head, 125; *Hutton* v. *Campbell,* 10 Lea, 170; *Eaken* v. *Boyd,* 5 Sneed, 204.

It follows that the decree of the court of civil appeals must be affirmed.